NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and FONOVISA, INC., a California Corporation, | : : : : : : : : : : : : : : | **OPINION**<br><br>Civil Action No. 06-5914 (WHW) |
| Plaintiffs, |  |  |
| v. |  |  |
| JANETTE TRINIDAD, |  |  |
| Defendant. |  |  |

**<u>Walls, Senior District Judge</u>**

Plaintiffs Virgin Records America, Inc., Sony BMG Music Entertainment and Fonovisa, Inc. ("Plaintiffs"), have filed this action against Defendant Janette Trinidad alleging copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, et seq. Presently before the Court is Plaintiffs' unopposed motion for summary judgment or, in the alternative, to order Defendant to respond to discovery and extend the discovery until forty-five (45) days after the Court's Order. Because the Court concludes that there are no genuine issues as to any material fact, Plaintiffs' motion will be GRANTED.

## <u>BACKGROUND</u>

Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright of these seven (7) sound recordings[1] at issue in

---

[1] The seven (7) sound recordings are Lenny Kravitz's "I Belong To You," Spice Girls' "Too Much," Terence Trent D'Arby's "Sign Your Name," Wham's "Careless Whisper,"

NOT FOR PUBLICATION

this case.  On June 21, 2005 at 1:57 p.m., Plaintiffs' investigator, MediaSentry, detected an

individual who was engaged in the distribution of Plaintiffs' copyrighted sound recordings using

the screen name Shyboo80@KaZaA at Internet Protocol ("IP") address 172.152.240.236.

Defendant's Internet Service Provider, America Online, Inc., subsequently identified the address

in response to a federal court subpoena, as being registered to Defendant.  Defendant's computer

contained more than 400 music files that Defendant was actively distributing to millions of users

on a peer-to-peer network at the time Plaintiffs' investigator caught her.  These seven sound

recordings at issue were a subset of the 400 music files on Defendant's computer.

On December 12, 2006, after attempting unsuccessfully to negotiate a resolution of this

matter, Plaintiffs filed this lawsuit for copyright infringement against Defendant Janette Trinidad.

Defendant answered the Complaint on or about January 19, 2007.  On March 15, 2007, the Court

entered a Scheduling Order, ordering that discovery end on July 31, 2007.

On March 23, 2007, Plaintiffs served their First Request for Admissions (See

Certification of Karen A. Confoy ["Confoy Cert."], Ex. A).  Defendant's responses to Plaintiffs'

Request for Admissions were due on or before April 25, 2007.  When the responses were not

submitted, Plaintiffs sent Defendant a letter on May 14, 2007, reminding Defendant of her

obligations to respond to Plaintiffs' discovery requests, including the Request for Admissions.

(See Confoy Cert., Ex. B.)  Defendant has never responded to Plaintiffs' Request for Admissions

or any other discovery requests.  Confoy Cert., ¶ 4.

_____

Incubus's "Stellar," Los Temerarios's "Te Hice Mal," and Marco Antonio Solis's "Si No Te
Hubieras Ido."

NOT FOR PUBLICATION

Plaintiffs move for summary judgment on their Complaint for copyright infringement. Although Defendant was allegedly illegally distributing hundreds of copyrighted sound recordings, Plaintiffs only request an order finding that Defendant has infringed seven (7) of their copyrighted sound recordings, those listed on Exhibit A to the Complaint (the "Sound Recordings"), and enjoining Defendant from further infringing Plaintiffs' copyrighted works.

## DISCUSSION

### I.      Summary Judgment Standard

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most favorable to the non-moving party.  Pollock v Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).  The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A genuine issue of material fact exists only if the evidence presented would enable a reasonable jury to return a verdict for the non-movant.  See Anderson, 477 U.S. at 248.  Summary judgment must be granted if no reasonable trier of fact could find for the non-moving party.  See id. at 249.

NOT FOR PUBLICATION

The non-moving party may not defeat summary judgment by simply resting on the argument that the record contains facts sufficient to support his claims. See Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1362 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1995); O'Donnell v. United States, 891 F.2d 1079, 1082 (3d Cir. 1989). Rather, the non-moving party must go beyond the pleadings and, by affidavits or other evidence, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(e). Such affidavits must be based "on personal knowledge," establish "such facts which would be admissible," and "show affirmatively that the affiant is competent to testify in all matters stated therein." Maldonado v. Ramirez, 757 F.2d 48, 50 (3d Cir. 1985); see also 6 J. Moore, W. Taggert & J. Wicker Moore's Federal Practice § 56.22[1] (2d ed. 1985). "[C]onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-90 (1968); Gostin v. Nelson, 363 F.2d 371 (3d Cir. 1966). To prevail on a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.


II.    **Plaintiff's Request for Admissions**

Defendant failed to respond to Plaintiffs' First Request for Admissions, which Plaintiffs served on March 23, 2007. Confoy Cert., ¶¶10-11. As a result, each request is deemed admitted.

NOT FOR PUBLICATION

See Fed. R. Civ. P. 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . .."); see also Anchorage Assocs. v. Virgin Islands Bd. of Tax Review and Tax Assessor, 922 F.2d 168, 176 n.7 (3d Cir. 1990) ("This Court and others have held that 'deemed admissions' under Fed. R. Civ. P. 36(a) are sufficient to support orders of summary judgment."); United States v. Kasuboski, 834 F.2d 1345, 1349 (7th Cir. 1987) (affirming a summary judgment order based on deemed admissions); Directv, Inc., v. Gallagher, No. 03-2474, 2005 U.S. Dist. Lexis 9898 (D.N.J. May 25, 2005) (granting summary judgment based on deemed admissions).

## III.  Copyright Infringement

As an initial matter, Defendant's response to Plaintiffs' motion for summary judgment was due by August 27, 2007.  See L. Civ. R. 7.1(d)(2).  To date, Defendant has failed to file any response with the Court.  Nevertheless, the Court will not grant the entry of summary judgment without considering the merits of Plaintiffs' unopposed motion.  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (holding that "a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.").  The Court must review all the evidentiary materials Plaintiffs submitted in support of summary judgment.

The Copyright Act grants the copyright owner of a sound recording the exclusive rights to, among other things, "reproduce the copyrighted work in copies or phonorecords" and "distribute copies or phonorecords of the copyrighted work to the public."  17 U.S.C. § 106(1)

NOT FOR PUBLICATION

and (3).  In order to prevail, Plaintiffs must prove (1) that they own the copyrights in the Sound

Recordings and (2) that Defendant copied or distributed those Sound Recordings.  Feist Pub'lns,

Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) ("To establish [copyright] infringement,

two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent

elements of the work that are original.").

      "Innocent intent is generally not a defense to copyright infringement."  Williams

Electronics v. Artic Int'l, Inc., 685 F.2d 870, 878 (3rd Cir. 1982). Caselaw demonstrates that,

even where a defendant has a good-faith belief that it possesses rights to use a copyrighted work,

it may be held liable for infringement should that belief later prove false. See Pinkham v. Sara

Lee Corp., 983 F.2d 824, 829 (8th Cir. 1992) ("Once a plaintiff has proven that he or she owns

the copyright on a particular work, and that defendant has infringed upon those 'exclusive rights,'

the defendant is liable for the infringement and this liability is absolute.  The defendant's intent is

simply not relevant: The defendant is liable even for 'innocent' or 'accidental' infringements.");

Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc., 807 F.2d 1110, 1113 (2nd Cir. 1986) (rejecting

printer's attempt to rely on supposed authorization to reprint by con man; finding "reliance --

justified or otherwise -- [] irrelevant" to infringement issue); Lipton v. Nature Co., 71 F.3d 464,

471 (2nd Cir. 1995) ("innocent infringement" in the form of copying from a third source

wrongfully copied from plaintiff is no defense).

      Plaintiffs have proved that they own the sound recordings at issue.  Plaintiffs have

Copyright Registrations for the sound recordings listed in Exhibit A to the Complaint, which

evidence Plaintiffs' ownership of or exclusive license to the copyrights in the sound recordings at

NOT FOR PUBLICATION

issue in this lawsuit.  A certificate of registration issued by the United States Copyright Office

constitutes prima facie evidence of validity and ownership of the disputed material.  Ford Motor

Co. v. Summit Motor Products, 930 F.2d 277, 290-91 (3rd Cir. 1991); 17 U.S.C. § 410(c).

Furthermore, based on Defendant's deemed admissions, she has admitted Plaintiffs' copyright

ownership of the Sound Recordings at issue.

      The evidence on the record demonstrates that Defendant reproduced (downloaded) and

distributed (uploaded) Plaintiffs' copyrighted sound recordings to others without Plaintiffs'

authorization.  Defendant's deemed admissions establish that she downloaded Plaintiffs' sound

recordings via an online media distribution system and distributed the copyrighted recordings to

others by placing them in her folder and making the recordings available to others on the peer-to-

peer network.  By downloading music files from a peer-to-peer media distribution system,

Defendant has infringed Plaintiffs' copyright.  BMG Music v. Gonzalez, 430 F.3d 888, 893 (7th

Cir. 2005) (upholding summary judgment where the defendant admitted to downloading

copyrighted sound recordings over the Internet); In re: Aimster Copyright Litig., 334 F.3d 643,

645 (7th Cir. 2003) ("[M]aking . . . a digital copy of [copyrighted] music . . . infringes

copyright."); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster

users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

      By placing the sound recordings in a share folder on an online media distribution system

for others to copy, Defendant has infringed Plaintiffs' copyright.  17 U.S.C. § 106(3); Aimster,

334 F.3d at 645 ("transmitting a digital copy of [copyrighted] music . . . infringes copyright");

MGM Studios Inc. v. Grokster, Ltd., 259 F. Supp. 2d 1029, 1034-35 (C.D. Cal. 2003), aff'd, 380

NOT FOR PUBLICATION

F.3d 1154 (9th Cir. 2004), aff'd, 125 S. Ct. 2764 (2005);  (users who upload copyrighted music

violate copyright owner's exclusive distribution right).

The Court concludes there is no evidence in the record from which a reasonable trier of

fact can infer that Defendant did not copy and distribute Plaintiffs' copyrighted recordings.  The

Court finds that Defendant has infringed on Plaintiffs' copyright.

## IV.   <u>Remedies</u>

### A.   **Money Damages**

Plaintiffs seek $5,250.00 for statutory damages and $350.00 for the cost of filing this suit.

Both relief is expressly prescribed by statute.  The Copyright Act provides that once copyright

infringement has been established:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to
> recover, instead of actual damages and profits, an award of statutory damages for all
> infringements involved in the action, with respect to any one work, for which any one
> infringer is liable individually, or for which any two or more infringers are liable
> jointly and severally in a sum of not less than $750 or more than $30,000 as the court
> considers just.

17 U.S.C. § 504(c)(1).  To facilitate a final disposition of this case, Plaintiffs seek only the

minium amount of statutory damages prescribed by the Copyright Act: an award of $750 for each

of seven (7) sound recordings at issue for a total of $5,250.  Courts routinely award minimum

statutory damages in these types of copyright cases.  <u>Veeck v. S. Bldg. Code Congress Int'l Inc.</u>,

241 F.3d 398, 410 (5th Cir. 2001) (awarding minimum statutory damages on summary

judgment); <u>Columbia Pictures Indus. v. T & F Enters.</u>, 68 F. Supp. 2d 833, 840 (E.D. Mich.

1999) (awarding statutory damages on summary judgment where plaintiff established

infringement and sought only statutory minimum).

NOT FOR PUBLICATION

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. §§ 505.  Plaintiffs only seek $350 as costs of filing this suit.

The Court grants plaintiffs' request for statutory damages and litigant costs

### B.    Permanent Injunction

Plaintiffs also seek a permanent injunction against Defendant's continued illegal copying and distribution of Plaintiffs' copyrighted sound recordings.  The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a); see also Pacific & Southern Co. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984).  This relief is regularly granted in copyright infringement actions.  Comcast Cable Communications v. Adubato, 367 F. Supp. 2d 684 (D.N.J. 2005); DirecTV v. Gendrachi, Civ. A. No.: 03-1970, 2005 WL 350952 (D.N.J. Feb.14, 2005).

Defendants is deemed to have admitted that she knew that downloading Plaintiffs' copyrighted sound recordings was illegal when she downloaded them.  Plaintiffs allege that absent an injunction, there is nothing to stop Defendant from downloading and distributing more of Plaintiffs' copyrighted sound recordings through an online media distribution system. Plaintiffs allege that without an injunction, Plaintiffs will continue to suffer irreparable harm. Copyright infringement is presumed to give rise to irreparable harm.  In the Third Circuit, "a prima facie showing of copyright infringement creates a rebuttable presumption of irreparable harm."  Educ. Testing Servs. v. Katzman, 793 F.2d 533, 543-44 (3d Cir. 1986).

**NOT FOR PUBLICATION**

The Court finds that Plaintiffs' request for permanent injunction is appropriate and grants

it.


## <u>CONCLUSION</u>

Plaintiffs' motion for summary judgment is granted.



<u>s/William H. Walls</u>
United States Senior District Judge